IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00075-FL

Patrick Solomon,

        Plaintiff,

v.

Raleigh Police Department,

        Defendant.

**Memorandum & Recommendation**

    This cause comes before the court upon Plaintiff's motion for leave to proceed i*n forma pauperis*. D.E. 1. After reviewing Plaintiff's application, the undersigned determined that it contained insufficient information to determine whether he could proceed without full prepayment of costs.

    The Order noted that Plaintiff stated he had monthly expenses totaling approximately $1600.00. D.E. 10. These expenses included $200.00 for food and $50.00 for clothing, $200.00 each for transportation and entertainment and recreation, and $250.00 in monthly credit card installment payments. D.E. 1 at 4. However, Plaintiff listed no source of income and averred his only bank account had a balance of only $50.00. D.E. 1 at 1–2. Additionally, the application stated that Plaintiff expected major changes to his income in the next 12 months, and that he has spent, or will spend, money for expenses or attorneys fees in conjunction with the action. However, Plaintiff failed to respond to the follow-up questions to explain these responses. D.E. 1 at 5.

    Accordingly, by Order dated August 26, 2016, Plaintiff was directed to file a particularized application. D.E. 10. It stated that if Plaintiff receives assistance from others to

compensate for food, transportation, or other expenses, he should identify such contributions in his application.

No response has been received by the court, nor has Plaintiff requested an extension of time to comply with the order to particularize. Having failed to properly particularize his application to proceed in forma pauperis as directed by the August 26, 2016 Order, the application may appropriately be denied.

Nonetheless, Plaintiff's submissions are also subject to frivolity review under 28 U.S.C. § 1915(e)(2)(B). A claim proceeding in forma pauperis may be dismissed at any time if it is deemed frivolous. 28 U.S.C. 1915(e)(2)(B)(ii). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff proceeding in forma pauperis must "meet certain minimum standards of rationality and specificity," and delusional or fantastic claims which are clearly baseless are subject to dismissal. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may also dismiss all or any part of a complaint which fails to state a claim upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff complains Plaintiff alleges illegal detainment and illegal search "details to be furnished date, offense, etc." D.E. 1-1 at 2. No further factual allegations are made. Such allegations lack sufficient factual support and fail to state a claim upon which relief could be granted.

Accordingly, the undersigned recommends that the court grant the application to proceed in forma pauperis for purposes of this order and to DISMISS AS FRIVOLOUS Plaintiff's complaint.[1]

For the reasons stated above, Solomon's application to proceed *in forma pauperis* is granted and it is recommended that the court dismiss Plaintiff's complaint without prejudice.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Solomon. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. See, e.g., 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and**

---

[1] Plaintiff is well-aware of the pleading requirements, having recently submitted a near-identical pleading. *See Solomon v. Raleigh Police Dept.*, No. 5:16-CV-41-BO, *aff'd,* No. 16-6243 (4th Cir. June 23, 2016) (dismissing similar action by this Plaintiff against this Defendant).

**Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: October 12, 2016.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE